IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Dell Layfette Carter, | ) | C/A No. 0:16-742-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Rayford Ervin; Frank Sadler; Gary Love; | ) | |
| Frederick Gooch; Lesslie Mosely; Richard | ) | |
| Pierce; Joe Meeks, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Dell Layfette Carter, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed as to Defendants Rayford Ervin and Frank Sadler.[1]

## I.     Factual and Procedural Background

Plaintiff alleges he was falsely arrested for two robberies in 1995—one at a liquor store, the other at a convenience store. (ECF No. 1 at 3-5.) Plaintiff argues he was not the person who robbed either store. (Id.) He states that footprints found outside the liquor store and used as evidence in his

---

[1] The most recent proposed summons filed by Plaintiff indicates that he only intends to name Rayford Ervin, Frank Sadler, and Gary Love as defendants. (ECF No. 65.) The court construes this statement as a voluntary dismissal of Defendants Frederick Gooch, Lesslie Mosely, Richard Pierce, and Joe Meeks. The court also notes that Plaintiff's Complaint did not raise any allegations against these defendants other than to allege that they were police officers. The court has contemporaneously issued an order terminating Frederick Gooch, Lesslie Mosely, Richard Pierce, and Joe Meeks as defendants in this case, and allowing Plaintiff to proceed with service of process as to Defendant Gary Love.

PJG

prosecution did not match his boots, and that the footprint expert who testified was lying. (Id. at 3.) He also states that the security video recording used in his prosecution of the convenience store shows that it was robbed by someone other than him. (Id. at 4.) Plaintiff alleges Officer Rayford Ervin was the officer who arrested him for the robberies, and Officer Frank Sadler identified Plaintiff as the person in the convenience store security video. (ECF No. 1-1 at 10.)

Plaintiff seeks damages of $5,000,000 in addition to the cost of his probation. (ECF No. 1 at 5.)

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of



Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).[2]

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

**B.    Analysis**

The instant Complaint is the eleventh case filed by Plaintiff against Defendants Ervin and Sadler pursuant to § 1983 concerning their role in Plaintiff's arrest and prosecution for the 1995

---

[2] In addition to a lengthy complaint, Plaintiff has submitted forty-eight separate filings with incoherent and often repetitive factual allegations and legal analysis. "[T]he principles requiring generous construction do have their limits . . . [t]hey do not require that the courts fashion of a whole cloth claims that are not squarely presented to them." Spencer v. Hedges, No. 87-7695, 1988 WL 9621, at *1 (4th Cir. Feb. 1, 1988) (affirming district court's dismissal of voluminous pleadings which did not meet minimal pleading requirements). Lengthy, rambling, and repetitive pleadings, like those submitted by Plaintiff in this case, place "an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and impose "a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, and generalizations." See Holsey v. Collins, 90 F.R.D. 122, 123-24 (D. Md. 1981).



robberies.[3]  The first such suit, filed in 1997, resulted in summary judgment for Ervin and Sadler, the court finding they were entitled to qualified immunity as governmental officials performing discretionary functions that did not violate clearly established statutory or constitutional rights. Carter v. Clover Police Dep't, Civil Action No. 0:97-1677-19BC (D.S.C. Aug. 12, 1998).  Over the next seventeen years, Plaintiff filed nine duplicative lawsuits against these defendants, and each case was summarily dismissed for a variety of reasons.[4]  Thus, Plaintiff's claims against Ervin and Sadler in this case are barred by the doctrine of *res judicata*.[5]

"For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the two suits."  Martin v. Am. Bancorporation Ret. Plan, 407 F.3d 643, 650 (4th Cir. 2005) (citation omitted).  Further, *res judicata* not only "bar[s] claims that were raised and fully litigated," but also "prevents litigation of all grounds for, or defenses to,

---

[3] In addition to the eleven cases filed against Ervin and Sadler, Plaintiff has filed numerous other lawsuits against lawyers, police, judicial officers for their roles in his arrest and prosecution for the 1995 robberies.

[4] Carter v. Ervin, Civil Action No. 0:14-865-TLW (D.S.C. June 2, 2014); Carter v. Harvey, Civil Action No. 0:08-0049-RBH (D.S.C. Apr. 30, 2008); Carter v. SC Judges, Civil Action No. 3:04-0068-TLW (D.S.C. May 19, 2004); Carter v. Sadler, Civil Action No. 3:03-3514-TLW (D.S.C. Mar. 25, 2004); Carter v. State of SC, Civil Action No. 3:03-0011-TLW (D.S.C. Feb. 13, 2003); Carter v. Ervin, Civil Action No. 3:01-4641-DWS (D.S.C. Jan. 24, 2016); Carter v. Salder, Civil Action No. 3:01-2457-DWS (D.S.C. July 17, 2001); Carter v. Clover Police Dep't, Civil Action No. 3:99-1484-DWS (D.S.C. June 22, 1999); Carter v. Clover Police Dep't, 3:98-3761-DWS (D.S.C. Feb. 19, 1999).

[5] While *res judicata* is ordinarily an affirmative defense, a court may *sua sponte* apply the doctrine of *res judicata* where "it has previously decided the issue presented" to avoid unnecessary judicial waste.  Georgia Pac. Consumer Prod., LP v. Von Drehle Corp., 710 F.3d 527, 535 (4th Cir. 2013) (quoting Arizona v. California, 530 U.S. 392, 410-12 (2000)); see also 61A Am. Jr. 2d Pleadings § 311 (West 2016).



recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Peugeot Motors of Am., Inc. v. E. Auto Distrib., Inc., 892 F.2d 355, 359 (4th Cir. 1989) (citation omitted).

In the instant action, the three elements of *res judicata* are present.  First, the court entered a final judgment on the merits of Plaintiff's § 1983 civil rights action against Ervin and Sadler in 1997 by finding that they were entitled to qualified immunity and granting summary judgment in their favor.  See Shoup v. Bell & Howell Co., 872 F.2d 1178, 1181 (4th Cir. 1989) (noting that grants of summary judgment are considered "on the merits" for the purposes of *res judicata*). Second, the allegations contained in the instant Complaint are identical to, and stem from, the same set of facts that gave rise to Plaintiff's claim for relief in his 1997 civil rights action because they both allege civil rights violations for the 1995 robberies.  Third, the instant Complaint names identical parties to the 1997 civil rights action.  As Plaintiff's claims are barred by the doctrine of *res judicata*, the instant action is subject to summary dismissal as frivolous.  See Ross v. Baron, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012) ("[F]rivolous complaints are subject to summary dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid.").

### III.     Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process as to Defendants Rayford Ervin and Frank Sadler.

May 20, 2016                                    Paige J. Gossett
Columbia, South Carolina                        UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).