IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Dell Layfette Carter, | ) | C/A No. 0:16-742-TLW-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Rayford Ervin; Frank Sadler; Gary Love, | ) | |
| Defendants. | ) | |

This civil action is currently before the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation concerning the service of process for the named defendants. The plaintiff, Dell Layfette Carter, who is self-represented, filed his Complaint in March 2016. (ECF No. 1.) On May 20, 2016, the court issued an order authorizing service as to Defendant Gary Love and directing the Clerk of Court to issue the summons and provide the plaintiff with the issued summons for service of process.[1] (ECF No. 86 at 2.) As directed by the court's order, the Clerk of Court issued a summons pursuant to Federal Rule of Civil Procedure 4(b). (ECF No. 87.) The plaintiff was specifically advised in the court's order that, pursuant to Federal Rule of Civil Procedure 4(m), he was responsible for service of process. (ECF No. 86 at 3.) The court also advised the plaintiff that, pursuant to Federal Rule of Civil Procedure 4(m), service of process must be effected on the defendant within 90 days. Review of the docket discloses that no proof of service has been filed by the plaintiff as required

---

[1] The court contemporaneously issued a Report and Recommendation in which it recommended the remaining defendants be summarily dismissed from this matter. (ECF No. 85.)



under Federal Rule of Civil Procedure 4(*l*) with regard to Defendant Love.  Thus, it appears that this defendant has not been served with the Summons and Complaint.

The court issued an order to show cause on August 26, 2016.  (ECF No. 153.)  In its order, the court granted the plaintiff fourteen days to respond in writing and demonstrate good cause for his failure to effect service on the defendants in a timely manner.  The court also specifically warned the plaintiff that failure to comply with the court's order would result in this action being recommended for dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Notwithstanding the specific warning and instructions set forth in the court's order to show cause, the plaintiff has failed to comply with the court's order.

## RECOMMENDATION

Accordingly, the court recommends that this matter be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 13, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>    Robin L. Blume, Clerk
>    United States District Court
>    901 Richland Street
>    Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).